OPINION
{¶ 1} Jennifer Banks appeals pro se from post-decree rulings involving child support and child visitation. She also asserts as error the failure of the trial court to retain jurisdiction over the issue of spousal support and what she perceives as unfairness on the part of the trial court. James Banks has expressly declined to file an appellate brief.
 {¶ 2} Mrs. Banks' first three assignments of error implicate the trial court's order that she pay child support for her two teenaged sons, who are in Mr. Banks' custody:
 {¶ 3} "1. The Trail [sic] Court Erred To The Prejudice Of Plaintiff/appellant And Abused Its Discretion By Not Deviating From The Child Support Guidelines Pursuant To The Court Ordered Deviation Of No Child Support.
 {¶ 4} "2. The Trail [sic] Court Erred To The Prejudice Of The Plaintiff/appellant And Abused Its Discretion By Using Her Spousal Support, For Means To Calculate Said Amount Of Child Support.
 {¶ 5} "3. The Trial Court Erred To The Prejudice Of The Plaintiff/appellant And Abused Its Discretion By Not Making Any Specific Findings That The Child Support Guidelines Were Unjust And Inappropriate."
 {¶ 6} On December 18, 2002, the magistrate entered a decision and permanent order upon which the trial court rendered judgment April 7, 2003, after overruling Mrs. Banks' objections. The magistrate's decision and permanent order provided background information and analyzed the child support issue as follows:
 {¶ 7} "The parties were divorced on May 5, 2000. At that time, plaintiff-mother was granted custody of the parties' two minor children, Christopher, born September 15, 1985 and Gregory, born October 22, 1987. Defendant-father was ordered to pay the sum of $472 per month per child as and for child support and $944 per month as and for spousal support for a period of five years from the date of divorce. On November 30, 2000, the parties entered into a shared parenting arrangement and defendant's child support obligation was reduced to $300 per month per child. By agreed order of September 11, 2001, the parties' children were placed with defendant-father. On November 14, 2001, defendant's child support obligation for the parties' two children was suspended. This magistrate issued a Magistrate Decision and Permanent Order on July 12, 2002 granting sole custody of the parties' two children to the defendant-father. By agreed order of September 3, 2002, the parties stipulated that in no event would child support be paid by plaintiff to defendant before November 10, 2002.
 {¶ 8} "The parties, through their counsel, made the following stipulations of fact in reference to defendant's request for child support from the plaintiff. Defendant is employed by Scitex with a gross annual income of $69,500. In addition, defendant receives $6,000 per year from the Ohio National Guard. Defendant's total gross annual income is, therefore, $75,500. Defendant maintains family health insurance for the children and has no day care expenses for the children. Defendant has one dependent child living with him who is not of this marriage. Plaintiff is not employed. She attends school on a full-time basis. Plaintiff's sole source of income is the spousal support received by her from the defendant. The parties incorrectly stipulated that defendant's annual spousal support totaled $10,800. This magistrate has correctly calculated the defendant's annual spousal support to be $11,328. The difference in defendant's stipulated spousal support award and the actual award is so slight, it does not actually affect the child support guideline recommendations. Plaintiff has no adjustments to her income.
 {¶ 9} "Plaintiff objects to the inclusion of her spousal support award as income to her for purposes of calculating her child support obligation. According to plaintiff, R.C. 3119.01(C)(8) excludes nonrecurring unsustainable income and cash flow items as gross income in determining child support. Nonrecurring income is defined as that income received in any year or for a number of years not to exceed three years that the parent does not expect to continue to receive on a regular basis. This magistrate does not find plaintiff's argument to be persuasive. First, it is noted that the plaintiff's original spousal support award was for a period of five years and thus exceeds the three-year limitation specified in the statute. Second, and even more important, R.C. 3119.01(C)(7) specifically states that gross income is defined as all earned and unearned income from all sources including spousal support actually received.
 {¶ 10} "Using the financial information provided by the parties, this magistrate prepared the attached child support computation worksheet. Based on the parties' current financial circumstances, the child support guidelines recommend that plaintiff's child support obligation be set at $82 per month per child. It is the finding of this magistrate that no evidence was presented to justify a deviation from the child support guideline recommendations. It is therefore recommended that plaintiff pay $82 per month per child as and for child support for the two minor children in the defendant's custody.
 {¶ 11} "There are no changes to the health care provisions. Defendant is claiming both children for tax exemption purposes at this time. If plaintiff is ordered to pay child support, she requests that she be granted one child for tax exemption purposes. Defendant objects to this request in light of plaintiff's low income and her resulting inability to fully benefit financially by the award of a tax exemption. It is the finding of this magistrate that it is in the best interest of the children that the defendant claim both children as dependents for tax exemption purposes."
 {¶ 12} Mrs. Banks objected to the magistrate's decision, asserting (1) that R.C. 3119.01(C)(8) forbade consideration of spousal support in establishing child support, and (2) that the magistrate erred in not deviating from the child support guidelines. In support of her second assertion, Mrs. Banks pointed out the disparity in the parties' incomes. Her unverified objections asserted that even without having to pay child support, her monthly expenses exceeded her monthly income by $128.
 {¶ 13} The trial court overruled Mrs. Banks' objections, essentially because Mrs. Banks had failed to support her objections with a transcript of the November 25, 2002, evidentiary hearing upon which the magistrate's decision and permanent order was based.
 {¶ 14} On appeal, Mrs. Banks asserts the same claims of error she asserted in her objections. She points to the fact that she is unemployed, and lacks work experience. She complains that the trial court did not allow her to testify "to why she has a lack of financial capabilities of any means to pay any amount of child support."
 {¶ 15} The trial court correctly observed that Mrs. Banks' objections were not supported by the hearing transcript. Thus, the trial court properly accepted the magistrate's findings of fact. Indeed, Mrs. Banks does not argue that the magistrate's findings of fact are erroneous.
 {¶ 16} Although the trial court did not address Mrs. Banks' argument that R.C. 3119.01(C)(8) precluded consideration of her spousal support in establishing her child support obligation, the magistrate properly determined that this provision did not apply to Mrs. Banks, whose award for spousal support is for five years. See also R.C. 3119.01(C)(7).
 {¶ 17} Mrs. Banks presented no evidence to the magistrate that would justify deviation from the child support guidelines. Although the trial court did not have the benefit of the November 25 hearing transcript, one was prepared for our benefit. The hearing was brief. Both parties were represented by counsel. Counsel for the parties stipulated the parties' respective incomes. Banks presented no other evidence that would support deviation from the guidelines. She did not request that the magistrate deviate from the guidelines. The transcript does not demonstrate that the magistrate prevented her from testifying as to her financial circumstances. Her objection purporting to demonstrate that her expenses exceeded her income was unverified.
 {¶ 18} The child support guidelines take into account income disparity, and allocate responsibility for child support to each parent accordingly. On this record, we find no error and overrule the first three assignments of error.
 {¶ 19} "4. The Trial Court Erred To The Prejudice Of The Plaintiff/appellant And Abused Its Discretion By Not Giving The Plaintiff Due Process In Verifying Or Proving That Supervised Visitation Was Justified And By Intruding Upon The Plaintiff's Privacy."
 {¶ 20} Mrs. Banks complains that the trial court placed restrictions upon her visitation for which there was insufficient evidentiary support.
 {¶ 21} This matter was concluded by decision and judgment of February 19, 2003, from which no timely appeal was taken. We are thus without jurisdiction to consider this assignment, and it is overruled. App.R. 3(A), 4(A).
 {¶ 22} "5. The Trial Court Erred To The Prejudice Of The Plaintiff/appellant And Abused Its Discretion By Not Retaining Jurisdiction To Modify A Definite Award Of Spousal Support."
 {¶ 23} The parties' final judgment and decree of divorce, filed May 5, 2000, provides that spousal support shall not be subject to further court order. No timely appeal was taken from the final judgment and decree of divorce. We are without jurisdiction to consider this assignment, and it is overruled. App.R. 3(A), 4(A).
 {¶ 24} "6. The Trial Court Has Continually Abused Its Desecration [sic] By Assessing The Case In An Unfair, Inequitable And Unconscionable Way."
 {¶ 25} There is no record support for this assignment and it is overruled.
 {¶ 26} The judgment will be affirmed.
 {¶ 27} Although this court on this record cannot grant Mrs. Banks the relief she seeks, Mrs. Banks should understand that the domestic relations court has continuing jurisdiction over matters of child support and visitation. Accordingly, Mrs. Banks may seek relief from that court on these issues. However, she must marshall and present competent evidence that the current child support order is unfair and that the restrictions on her visitation with her children are unnecessary, or more restrictive than is necessary. Mrs. Banks should not attempt to seek this relief without the assistance of competent legal counsel. If Mrs. Banks is without funds to hire an attorney, she should contact the Greater Dayton Volunteer Lawyers Project, 130 W. Second Street, Suite 632, Dayton, Ohio 45402, (937) 461-3857 if she wishes to seek relief in the domestic relations court.